NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

MARSHAL COLLINS, *Plaintiff/Appellee*,

*v.*

JACOB GLICK, *Defendant/Appellant*.

No. 1 CA-CV 20-0397
FILED 5-11-2021

Appeal from the Superior Court in Maricopa County
No. CV2019-094429
The Honorable Janice K. Crawford, Judge

**AFFIRMED**

COUNSEL

Bingham Law, Mesa
By Anthony B. Bingham
*Counsel for Plaintiff/Appellee*

Law Offices of Mark D. Chester, P.C., Scottsdale
By Mark D. Chester
*Counsel for Defendant/Appellant*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Randall M. Howe joined.

---

**C R U Z**, Judge:

¶1 Appellant Jacob Glick appeals the superior court's order denying his motion to compel arbitration of Appellee Marshal Collins' claims against him. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2 In 2013, Collins opened an investment account with J.P. Morgan and Glick served as his investment advisor. Two years later, Glick informed Collins that he was leaving J.P. Morgan and moving to Advanced Practice Advisors ("APA"). Per Glick's request, the two entered into an investment advisory agreement (the "Agreement"), Collins transferred his investment portfolio to APA, and Glick continued to serve as the investment advisor.

¶3 While serving as Collins' investment advisor, and throughout 2016 and 2017, Glick engaged in trades of Rite Aid stock and conducted options transactions of the stock. Collins alleges this was done without his consent. Glick allegedly advised Collins that Walgreens and Rite Aid were pending a merger, which would result in an increased price of Rite Aid shares and make up for the large losses incurred from the purchase of the Rite Aid shares. However, during the summer of 2017, it was announced that Walgreens and Rite Aid would not merge. Shortly after, APA discharged Glick for, at least in part, "[r]eckless disregard for determining client suitability, failure to remedy client exposure to speculative positions after compliance warnings, failure to comply with firm Policies and Procedures," and "[t]rading ahead of clients."

¶4 After suffering large investment losses, Collins filed a complaint against Glick raising various contract and tort claims, as well as claims under the Arizona Securities Act ("ASA"). Glick moved to compel arbitration, arguing the Agreement required arbitration of all disputes between the parties. Collins responded that the arbitration clause in the

2

Agreement was unconscionable, unenforceable, and void. Following a hearing, the court denied Glick's motion.

¶5        Glick timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101.01(A)(1).

## DISCUSSION

¶6        Glick argues the court erred in denying his motion to compel. We review the denial of a motion to compel arbitration de novo, but we defer to the court's factual findings absent clear error. *Rizzio v. Surpass Senior Living LLC*, 248 Ariz. 266, 270, ¶ 13 (App. 2020). In its minute entry, the court did not include its findings of facts, but instead noted it stated its findings on the record. Glick failed to submit the hearing transcript. When an appellant fails to include transcripts or other necessary documents, we assume the missing portions of the record support the superior court's ruling. *Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995); ARCAP 11(c); *see also Horton v. Mitchell*, 200 Ariz. 523, 526, ¶ 13 (App. 2001) ("When there is no request for findings and the trial court does not make specific findings of fact, we must assume that the trial court found every fact necessary to support its [ruling] and must affirm if any reasonable construction of the evidence justifies the decision.") (internal quotation marks and citations omitted).

¶7        The relevant portions of the Agreement state:

The arbitrator or arbitrators are not empowered to award damages in excess of compensatory damages. Accordingly, IN NO EVENT SHALL EITHER PARTY BE LIABLE FOR ANY CONSEQUENTIAL, SPECIAL, INCIDENTAL, INDIRECT, PUNITIVE, OR EXEMPLARY DAMAGES, SUCH AS, BUT NOT LIMITED TO, LOSS OF ANTICIPATED PROFITS OR BENEFITS ARISING OUT OF THIS AGREEMENT, WHETHER SUCH CLAIM IS BASED IN CONTRACT, TORT, OR OTHERWISE. The parties shall bear their own attorneys' fees and costs in the arbitration and in any related court proceedings.

. . . .

The award of the arbitrator, or a majority of the arbitrators, shall be final and binding, and judgment upon the award rendered may be entered in any court, state or federal, having jurisdiction. All court actions relating to the arbitration,

including but not limited to motions to compel arbitration and motions to confirm, vacate, and/or modify any awards rendered by the arbitrator(s), shall be governed by the Federal Arbitration Act regardless of whether such court action is in state or federal court. Subject to the foregoing, any claims between the parties in the arbitration shall be governed by California law.

. . . .

Client understands and acknowledges that:

. . . .

(b) The parties are waiving their right to seek remedies in court, including the right to a jury trial.

. . . .

You understand that this agreement to arbitrate does not constitute a waiver of your rights to seek statutorily imposed remedies in the arbitration, or to seek a judicial forum, where such waiver would be void under federal or applicable state laws.

¶8        The Agreement directs courts to apply the Federal Arbitration Act ("FAA") in any action relating to the arbitration. The FAA states that arbitration provisions in "a contract evidencing a transaction involving commerce . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

¶9        Section 44-2000 of the ASA states "Any condition, stipulation or provision binding any person acquiring any security to waive compliance with this chapter or chapter 13 of this title or of the rules of the commission is void." (footnote omitted). Collins brought claims under A.R.S. § 44-1991 (fraud in the purchase or sale of securities)[1] and § 44-3241 (fraud in the provision of investment advisory services). Contrary to the

---

[1]        Though unclear, to the extent Glick argues that a claim under § 44-1991 does not apply to the facts of this case, the statutes make clear that such a claim "may be brought against any person, including any dealer, salesman or agent, who made, participated in or induced the unlawful sale or purchase." A.R.S. § 44-2003(A); *see also* A.R.S. §§ 44-2001, -1991.

terms of the Agreement, for a claim brought under § 44-1991, a claimant can recover the consideration paid for the securities plus interest and attorneys' fees. A.R.S. § 44-2001(A). Section 44-3241(B) states that "[a] person who violates this section is liable to any person for all losses incurred by that person as a result of the violation, together with interest on losses incurred, court costs and reasonable attorney fees." The Agreement also attempts to waive applicability of the ASA by requiring that California law govern any claims between the parties and that the parties waive their right to seek remedies in court, including the right to a jury trial. Because the ASA expressly voids any condition, stipulation, or provision that attempts to waive its applicability, the arbitration clause of the Agreement is void. *See* A.R.S. § 44-2000.

**¶10** The arbitration clause of the Agreement also declares that "You understand that this agreement to arbitrate does not constitute a waiver of your rights to seek statutorily imposed remedies in the arbitration, *or to seek a judicial forum*, where such waiver would be void under federal or applicable state laws." (Emphasis added). Here, the Agreement allows Collins to seek a judicial forum for his claims where a waiver of statutorily imposed remedies is void under state law. Thus, because the Agreement's limitations on remedies is void under A.R.S. § 44-2000, Collins was within the terms of the Agreement to file his complaint with the superior court.

**¶11** Because we find that the arbitration clause of the Agreement is void and that Collins was entitled to seek a judicial forum under the remaining terms of the Agreement, we need not address Glick's arguments regarding unconscionability.

## CONCLUSION

**¶12** Collins and Glick request their attorneys' fees pursuant to A.R.S. § 12-341.01. As the prevailing party, and because this action arises out of a contract, we award Collins his reasonable attorneys' fees upon compliance with ARCAP 21.

**¶13** For the foregoing reasons, we affirm.

